UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a corrected Motion to Dismiss filed by defendant Mariann Smith (erroneously sued as Maryann Smith) ("Defendant") (Docket No. 17). An earlier Motion to Dismiss was filed that did not adhere to the Court's Local Rules (Docket No. 14). Defendant challenges the sufficiency of the Complaint filed by plaintiff Bubble Genius LLC ("Plaintiff"). Plaintiff has filed an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 13, 2015, is vacated, and the matter taken off calendar.

**I.   Background**

Plaintiff filed her Complaint on January 6, 2015. Plaintiff is "in the business of designing, developing, manufacturing, selling and distributing hand soap," including a line of soap identified as "Element Periodic Table Soap." (Compl. ¶¶ 2, 5.) According to Plaintiff, the Element Periodic Table Soap "employs distinctive trade dress based in part on data from" the periodic table. (Compl. ¶ 5.) The features of Plaintiff's alleged trade dress include: (1) the chemical symbol for a chemical element; (2) the atomic number of the chemical element; (3) the name of the chemical element; (4) the mass of the element; (5) the energy levels of the element; (6) the trademarks "Bubble Genius" and "Element Periodic Table Soap"; and (7) the color of the soap. (Id.) Plaintiff claims she has used this trade dress continuously since October 5, 2010. (Compl. ¶ 6.)

The Complaint alleges "[l]ong after" Plaintiff began using the trade dress, Defendant "commenced the manufacture and sale of hand soap exhibiting a trade dress that is virtually identical" to Plaintiff's trade dress. (Compl. ¶ 12.) Further, Plaintiff contends Defendant "had full knowledge of [its] exclusive and long standing proprietary rights" to the alleged trade dress. (Compl. ¶ 16.) In the Complaint, Plaintiff asserts two causes of action: (1) trade dress infringement; and (2) federal unfair competition and false designation of origin.

Defendant has operated an independent business under the names "Just Bubbly" and "Children's Treasures" from her personal home in Queens, New York since 1988. (Motion at 9.) Defendant designs and sells bath products, including novelty soaps that take the shape of mathematical symbols, animals,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

letters of the alphabet, and high heeled shoes. (Motion at 9-10.) Among her offerings, Defendant sells a line of soaps named "It's Elementary", which consists of square soaps that display individual elements as they appear on the periodic table, including each element's symbol, atomic number, mass, electronegativity, electron configuration, and valence number. (Motion at 10.)

Defendant now moves to dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction and under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Court considers the Motion pursuant to 12(b)(2) first.

**II.      Personal Jurisdiction**

The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id.  The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out of state defendant. Fed. R. Civ. P. 4(e). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 imposes limits on the power of California courts to exercise personal jurisdiction that are "'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

A.  General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.").

B.  Specific Jurisdiction

Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out of state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985). Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802; see also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d 528).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Id. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing Burger King, 471 U.S. at 475-76, 105 S. Ct. at 2183- 84, 85 L. Ed. 2d 528). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful availment or direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

In determining the propriety of the exercise of personal jurisdiction, a court "must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant." Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2007). "In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts. A strong showing on one axis will permit a lesser showing on the other." Id. at 1210.

The second requirement that the "claim must be one which arises out of or relates to the defendant's forum-related activities" is met if the Plaintiff would not have been injured "but for" the defendant's activities. Panavision, 141 F.3d 1316, 1322 (9th Cir. 1998). Finally, the third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

> (1) The extent of purposeful interjection into the forum state;
> (2) The burden on the defendant of defending in the forum;
> (3) The extent of conflict with the sovereignty of defendant's state;
> (4) The forum state's interest in adjudicating the dispute;
> (5) The most efficient judicial resolution of the controversy;
> (6) The importance of the forum to plaintiff's interest in convenient and effective relief; and
> (7) The existence of an alternative forum.

Fed. Deposit Ins. Corp. v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

C.   Analysis

According to the Complaint, Plaintiff "is a limited liability company organized and existing under the laws of the State of California" with its principal place of business in Los Angeles County while Defendant's principal place of business is in Rockaway, New York.  (Compl. ¶¶ 2, 3.)

The Complaint does not allege that Defendant undertook any action within or targeted at California.  Nevertheless, Plaintiff filed an Opposition that claims Defendant has a "massive program to advertise and market the infringing products throughout the United States and internationally."  (Opp. at 1.)  In support of this contention, Plaintiff notes Defendant "will appear at the New York International Gift Fair" this year.  (Declaration of Paula Bonhomme ¶ 7.)  Plaintiff also claims Defendant advertises on social media websites and sells her product through her website, on www.amazon.com, on www.laughingsquid.com, and in the gift shop of the Smithsonian.  As evidence, Plaintiff includes proof of two orders placed by California residents—both of which originated from Plaintiff's counsel's office—through Defendant's website and amazon.com.  (See Declaration of Sheryl R. Conaway ¶ 2, Exh. 11; Declaration of Andrew S. Zucker ¶ 2, Exh. 12.)

Finally, Plaintiff argues "[a]lthough maintenance of a 'passive website' alone is insufficient to establish the purposeful availment element, it is well settled that a non-resident's maintenance of an interactive website through which consumers may purchase goods or services is sufficient to meet" the purposeful availment element of the specific jurisdiction test.  State of Washington, Dep't of Revenue v. WWW.Dirtcheapcig.com, Inc., 260 F. Supp. 2d 1048, 1052 (W.D. Wash. 2003).

However, in Mavrix Photo, Inc. v. Brand Technologies, Inc., the Ninth Circuit more recently considered personal jurisdiction and national websites:

> "In prior cases, we have struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed.  On the one hand, we have made clear that maintenance of a passive website alone cannot satisfy the express aiming prong.  On the other, we have held that operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient.  In determining whether a nonresident defendant has done 'something more,' we have considered several factors, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident."

Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

In Mavrix, the court found the defendant "operated a very popular website with a specific focus on the California-centered celebrity and entertainment industries." Id. at 1230. After considering the size and commercial value of the California market, the court concluded the defendant "anticipated, desired, and achieved a substantial California viewer base" and determined "this audience [was] an integral component" of the defendant's business model and profitability. Id. Therefore, the court held it did not violate due process to hold the defendant "answerable in a California court for the contents of a website whose economic value turns, in significant measure, on its appeal to Californians." Id.

Here, Plaintiffs do not allege Defendant's website or any other website selling Defendant's products targeted Californians. Further, selling soaps at a gift fair in New York and at the Smithsonian Museum in Washington, D.C. are hardly advertising and sales efforts directed at California. Plaintiff has not presented any facts or even alleged that Defendant knew her "massive" marketing campaigns would cause any impact in California or be particularly desirable in the California market. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1156 (9th Cir. 2006) ("The only acts identified by Pebble Beach as being directed at California are the website and the use of the name 'Pebble Beach' in the domain name. These acts were not aimed at California and, regardless of foreseeable effect, are insufficient to establish jurisdiction."); see also CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1075–76 (9th Cir. 2011) (noting "[i]f the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, the eventual demise of all restrictions on the personal jurisdiction of state courts would be the inevitable result") (internal quotation marks and citation omitted). Defendant did not deliberately create substantial contacts with California, and the sale of a few soaps online to California residents does not amount to the promotion of business in California. See Imageline, Inc. v. Hendricks, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *5 (C.D. Cal. Aug. 12, 2009). Defendant has not purposefully directed sales into California in a sufficient manner to allow her to be sued over those sales in California. Id. (finding the court did not have specific jurisdiction because "[t]he Defendants' sales to California residents were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California").

According to the declaration Defendant filed in support of her Motion, she is a resident of New York City, operates her business out of her home in New York, does not own any offices, locations, branches, or stores in California, does not have any employees in California, does not advertise in magazines, newspapers, or through television or radio targeted to California, does not own any property in California, has never owed or been required to pay taxes in California, never maintained a registered agent for service in California, and does not direct any of her business activities to California. (See Declaration of Mariann Smith ¶¶ 1-11.) Further, Defendant notes her sales to California residents are an insignificant portion of her sales and revenues, any sales to California residents were not solicited or targeted to California, and "[a]ny sales to California residents were made either in New York" or through e-commerce websites. (Id. ¶¶ 12-14.) There is no evidence that Defendant profited from any sales in California. See Dos Santos v. Telemundo Commc'ns Grp., LLC, No. SACV 12-1373 JVS, 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012) (dismissing case for lack of personal jurisdiction because  there was no evidence that the defendants specifically targeted California or profited from it).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-0066 PA (FFMx) | Date | July 17, 2015 |
|---|---|---|---|
| Title | Bubble Genius LLC v. Maryann Smith, et al. | | |

    The Court therefore concludes that this Court lacks both general and specific jurisdiction over Defendant. As a result, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction. Because the Court does not have personal jurisdiction over this matter, the Court declines to address Defendant's Motion to dismiss pursuant to Federal Rule 12(b)(6).

### Conclusion

    For the foregoing reasons, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

    IT IS SO ORDERED.